CHARLES R. CRISFIELD, Appellant, *v.* WARREN BANKS and MARY BANKS, Respondents.

*Married woman — liability of, for property purchased by her.*

When a married woman purchases provisions upon her own credit and takes the title thereto, she is liable for the price thereof though she have no other separate property, and her liability therefor is not affected by the use to which the property may be applied.[*]

Appeal from a judgment in favor of the defendants, entered upon the report of a referee. The action was brought to recover the price of meat sold by the plaintiff to the defendant, Mary Banks,

[*] See *Salmon* v. *McEnany*, 23 Hun, 87.

a married woman, at various times, between May 5, 1873, and July 14, 1876, and for which she had promised to pay him. She was at the time living with the defendant, her husband, and the meat was delivered at their residence.

*S. H. Thayer*, for the appellant.

*John H. Clapp*, for the respondents.

BARNARD, P. J.:

Mary Banks, although a married woman, became legally liable to pay for goods which she purchased of the plaintiff. That she did purchase the same is a fact established by the evidence and found by the referee. It is not necessary that a married woman have other separate property when she acquires property by purchase. If that which was acquired by purchase was the only separate property she had, she would still be liable to pay for it. By the purchase she created a separate estate, so far as the purchased property made one, and no principle of justice will permit her to escape liability for the payment of the purchase-price. (*Cashman* v. *Henry*, 75 N. Y., 103.) Assuming the purchase of the property to have been made by the wife upon her own credit, and that she took the title to it, it was quite immaterial when it was used, or for whose benefit it was applied. Warren Banks is not liable; he did not purchase the property; no one purchased it for him as his agent; he was the husband of Mary Banks who purchased the property. He would not be liable if the same was applied to the support of his family. He did not become liable by reason of the letters introduced in evidence, whereby he offered to pay the claim in monthly installments. There is no consideration for this promise and it was not accepted.

Judgment reversed and new trial granted, with costs to abide event and order of reference vacated.

GILBERT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.